The Honorable David Malone State Senator P.O. Box 1048 Fayetteville, Arkansas 72702-1048
Dear Senator Malone:
You have requested an Attorney General opinion concerning the acceptance by circuit clerks of facsimile signatures. You note that notaries are required to file bonds with the circuit clerk. You also note that A.C.A. § 23-79-116 allows the use of facsimile signatures on certain insurance documents, and have asked:
 Must the Circuit Clerk accept for filing facsimile signatures on notary bonds under the authority of A.C.A. § 23-79-116, or should the clerk require original signatures?
It is my opinion that the Circuit Clerk may, but is not required to accept for filing facsimile signatures on notary bonds under the authority of A.C.A. § 23-79-116.
A.C.A. § 23-79-116 states:
 (a) Every insurance policy shall be executed in the name of and on behalf of the insurer by its officer, attorney-in-fact, employee, or representative authorized by the insurer.
 (b) A facsimile signature of any executing individual may be used in lieu of an original signature.
 (c) No insurance contract which is otherwise valid shall be rendered invalid by reason of the apparent execution thereof on behalf of the insurer by the imprinted facsimile signature of an individual not authorized so to execute as of the date of the policy.
A.C.A. § 23-79-116.
Also pertinent to your question is the following provision of A.C.A. §21-14-101, concerning notaries public:
 (d) Notaries public shall file in the office of the recorder of deeds for the county in which the notary public resides, or, in the case of a resident of an adjoining state, in the county in Arkansas in which employed . . .:
 (1) A surety bond executed by a surety insurer authorized to do business in Arkansas to the state for the faithful discharge of their duties, in the sum of four thousand dollars ($4,000), to be approved by the clerk of the circuit court of the county. . . .
A.C.A. § 21-14-101(d)(1).
Neither of the above-quoted provisions (nor any other provisions of Arkansas law) address the specific issue you have raised. However, as explained more fully below, when read together, they indicate that a facsimile signature on a notary bond is deemed by the law to be sufficiently reliable for a clerk to accept for filing.
No provision of law requires court clerks to accept only original documents and original signatures for filing. The general requirements of the law with regard to the documents that circuit clerks must accept for filing indicate, rather, an intent that circuit clerks accept documents whose authenticity is reliable.
This intent is reflected in the general statement, in A.C.A. §14-15-402, of clerks' filing responsibilities. That statute requires clerks to file "all deeds, mortgages, conveyances, deeds of trust, bonds, covenants, defeasances, or other instruments of writing of or concerning any lands and tenements or goods and chattels, which shall be proved or acknowledged according to law, that are authorized to be recorded in [the recorder's] office." A.C.A. § 14-15-402.
The goal of reliability is also reflected in A.C.A. §§ 16-46-101 and13-4-201, both of which authorize court clerks to
 use and employ an approved system of photographic recording, photostatic recording, microfilm, microcard, miniature photographic recording, digital compact disc, optical disc, and other process which accurately reproduces or forms a durable medium for reproducing the original.
A.C.A. §§ 16-46-101(a)(2)(A)(2) and 13-4-201.[1]
These statutory sections indicate that non-manual, non-original forms of documents are deemed to be reliable. This conclusion is bolstered by the fact that court clerks are explicitly authorized by law to accept for filing facsimile forms of pleadings in cases. See A.C.A. § 16-20-109; Ark. Rules Civ. P., Rule 5(c)(2).[2] The facsimile signatures appearing on such pleadings are presumed to be authentic until proven otherwise.Id. Moreover, documents in facsimile form are explicitly deemed by law to be admissible into evidence. See A.C.A. § 16-46-101(b)(3).
Facsimile documents therefore appear to be generally deemed by the law to be reliable. This is certainly the case with A.C.A. § 23-79-116, the statutory section about which you have inquired. That section, quoted above, requires that insurance policies be executed by the insurer or its representative, and authorizes the use of facsimile signatures for purposes of execution of such policies. That is, a facsimile signature is a legally valid way to execute an insurance policy. Insurance policies that have been executed by way of facsimile signature are deemed to be valid and reliable. A notary bond is an insurance policy within the meaning of A.C.A. § 23-79-116.
It should be noted that none of the provisions of law authorizing clerks to accept facsimile documents require clerks to do so. The matter, therefore, remains within the discretion of the clerk.
For the foregoing reasons, it is my opinion that Circuit Clerks may, but are not required to accept for filing facsimile signatures on notary bonds, under the authority of A.C.A. § 23-79-116. See also Ops. Att'y Gen. Nos. 91-076 and 90-096. But see Op. Att'y Gen. No. 98-147 (opining that clerks should not accept for filing facsimile versions of court orders).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] I have previously opined that these statutory sections should be interpreted to give court clerks the discretion to determine what forms of non-manual recording are suitable for the conduct of their business.See Op. Att'y Gen. No. 96-039.
[2] It should be noted that I have recently opined that court clerks should not accept facsimile versions of court orders for filing. See Op. Att'y Gen. No. 98-147.